UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SPENCER DAFOE,

        Petitioner,          **DECISION AND ORDER**

    v.          20-CV-6269 EAW

JULIE WOLCOTT, Orleans
Superintendent,

        Respondent.
_____

## INTRODUCTION

*Pro se* petitioner Spencer Dafoe ("Petitioner"), a prisoner confined at the Orleans Correctional Facility, has filed a petition for a writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner seeks immediate release, alleging that he faces imminent danger due to his potential exposure to COVID-19 while in custody. (*Id.*).

On April 30, 2020, the Court entered an Order granting Petitioner leave to proceed *in forma pauperis* and ordering Respondent to answer the Petition within 14 days. (Dkt. 4). On May 7, 2020, Respondent filed a motion asking the Court to (1) convert the Petition to one brought pursuant to 28 U.S.C. § 2254 and (2) stay the deadline to answer until 15 days after the requested conversion. (Dkt. 6). Petitioner filed his opposition to Respondent's motion to convert on May 14, 2020. (Dkt. 7).

For the reasons set forth below, the Court finds the Petition must be converted to one under § 2254. Further, because of the potential impact of such a conversion on

Petitioner's ability to file a second or successive petition, the Court will afford Petitioner an opportunity to withdraw the Petition prior to conversion.

## DISCUSSION

The Court begins by considering the differences between petitions brought pursuant to § 2241 and petitions brought pursuant to § 2254.  Under § 2254, "a person in custody pursuant to the judgment of a State court" may seek a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2254(a).  The language of § 2241 is more expansive, but also extends to a "prisoner" who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

In *Cook v. New York State Division of Parole*, 321 F.3d 274 (2d Cir. 2003), the Second Circuit explained that while a person in federal custody may challenge the execution of his sentence pursuant to § 2241, the same is not true of a person in state custody:

> [28 U.S.C.] section 2255, which is the vehicle by which persons in federal custody may assert that their sentence violates the federal Constitution or federal law, is critically narrower than section 2254, by which persons in state custody may challenge that custody. . . .  The plain language of the pertinent statutes indicates . . . that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254.  Because a *federal* prisoner cannot challenge the execution of his or her sentence by a motion under section 2255, he or she must resort to a section 2241 petition to do so.  A state prisoner . . . by contrast, not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254.  A petition under section 2241 is therefore unavailable to him.

*Id*. at 278 (quotation and citation omitted).  "Stated otherwise, '[§] 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of [§] 2254, which are a limitation on the general grant of jurisdiction conferred in [§] 2241 that applies to cases involving prisoners subject to state court judgments.'"  *Brooks v. Wolcott*, No. 20-CV-516 (JLS), 2020 WL 2553030, at *3 (W.D.N.Y. May 20, 2020) (quoting *Torres v. Cronin*, No. 19-cv-06462, 2019 WL 6001000, at *1 (W.D.N.Y. Nov. 14, 2019)).

Petitioner argues that his Petition has properly been brought pursuant to § 2241 because it is "rooted in imminent irreparable harm wholly based on his prison conditions" and is "not challenging the execution of sentence. . . ."  (Dkt. 7 at 1-2).  This argument lacks merit.  "The Second Circuit has interpreted prison condition claims as comprising challenges to execution of a sentence in the context of federal prisoners. . . . There is no reason to conclude differently in the context of a state prisoner's prison conditions-based claim under Section 2254."  *Llewellyn v. Wolcott*, No. 20-CV-498 (JLS), 2020 WL 2525770, at *3 n.6 (W.D.N.Y. May 18, 2020) (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions." (quotation omitted and emphasis added))).

The Court is aware that at least one other court in this Circuit has concluded that state court prisoners may "challeng[e] the current health conditions of their confinement, which, they claim, have become unconstitutional because of the COVID-19 pandemic risk"

pursuant to § 2241. *McPherson v. Lamont*, No. 3:20CV534 (JBA), 2020 WL 2198279, at *5 (D. Conn. May 6, 2020). However, the court in *McPherson* relied upon *Dhinsa v. Krueger*, 917 F.3d 70 (2d Cir. 2019), *Gonzalez v. United States*, 792 F.3d 232 (2d Cir. 2015), *Adams v. United States*, 372 F.3d 132 (2d Cir. 2004), and *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001), all of which involved challenges by individuals in *federal* custody. As discussed above, the Second Circuit made it clear in *Cook* that § 2241 does not encompass the same claims by state court prisoners as it does for federal prisoners.

Based on the Second Circuit's decision in *Cook*, the Court concludes that § 2254 is the proper vehicle for Petitioner's claim. "[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Cook*, 321 F.3d at 277. "However, because of the limitations on 'second and successive' petitions imposed by 28 U.S.C. § 2244, petitioners must be provided notice and an opportunity to withdraw a petition improperly filed under § 2241 before the district court converts it to a § 2254 petition." *Torres*, 2019 WL 6001000, at *2.

Accordingly, the Court hereby advises Petitioner that it intends to convert his § 2241 Petition to one brought under § 2254. As a result of such conversion, "any subsequent § 2254 petition that [Petitioner] brings will be subject to the restrictions on 'second' or 'successive' motions set forth in 28 U.S.C. § 2254(b)." *Id*. The Court further advises Petitioner that he may withdraw the Petition without prejudice if he does not wish to have it converted to a § 2254 Petition.

## **CONCLUSION**

For the reasons set forth above, the Court grants Respondent's motion to convert (Dkt. 6) to the extent that it finds the Petition must be converted to one brought pursuant to § 2254. If Petitioner wishes to withdraw the Petition without prejudice, he must inform the Court in writing by no later than June 5, 2020. If he fails to so inform the Court, the Petition will be converted to a § 2254 petition without further order or action by the Court.

The Court grants Respondent's motion for a stay of the answer deadline in part. If Petitioner does not withdraw the Petition, Respondent must file her answer by no later than June 12, 2020. Petitioner must file any reply by no later than June 19, 2020.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 26, 2020
       Rochester, New York